**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| NOVVA AUSRUSTUNG GROUP, INC., | Case No. 2:17-cv-01293-RFB-VCF |
| Plaintiff, | **ORDER** |
| vs. | Motion to Strike (ECF No. 14) |
| DEAN KAJIOKA, | |
| Defendant. | |

This matter concerns the allegedly fraudulent transfer of funds from Mojave Aluminum Company, Inc. to Defendant Dean Kajioka. Before the Court are Kajioka's Motion to Strike (ECF No. 14), Plaintiff Novva Ausrustung Group. Inc.'s ("Novva's") Opposition to Defendant's Motion to Strike (ECF No. 16), and Defendant's Reply (ECF No. 18). For the reasons stated below, the motion to strike is denied.

## I. BACKGROUND

The instant dispute involves the planned development and construction of a 500,000 square-foot aluminum foundry plant in Barstow, California. *See* ECF No. 1 at 2, 4. In 2015, the complaint states that Eric Po-Chi Shen, an individual and nonparty to the instant action, created Mojave Aluminum Company, Inc. ("Mojave"), a California company, to build the aluminum foundry. *Id*. To fund this project, Mojave entered into a loan agreement with Novva on May 4, 2015. *Id*. at 4. Under the agreement, Novva allegedly loaned Mojave $1.8 million to be used "exclusively on the Barstow project." *Id*. After Mojave failed to make the scheduled principal and interest payments on May 3, 2016, Novva alleges that it investigated and discovered that "Mojave's funds and assets were gone." *Id*. A couple months later, Novva sued Mojave and Shen for breach of contract and fraud in California state court. *Id*. As part of the California litigation, Novva discovered various transfers of monies from Mojave to various persons and entities,

including Defendant Kajioka, a Nevada licensed attorney associated personally and professionally with Shen. *See* ECF No. 1 at 4.

According to the complaint, in 2015 and 2016, in a series of transfers, Shen caused $1.2 million of Mojave's funds to be transferred to an entity formed by Kajioka, International Constructor Group, LLC. *Id*. at 5, 6. It also alleges that Shen caused $514,834.68 of Mojave's funds to be transferred directly to Kajioka despite Kajioka never performing any legitimate legal work for Mojave. *Id*. at 6. The complaint alleges that these funds were transferred to Kajioka with actual intent to defraud, hinder or delay Novva and other Mojave creditors. *Id*. Kajioka allegedly operated as a close confidant and insider to Shen in misappropriating Mojave's assets. *Id*. at 2. In May 2017, Novva filed the instant action against Kajioka for fraudulent transfer under Cal. Civ. Code § 3439.04 and Nev. Rev. Stat. § 112.180. *Id*. at 6-7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Rule 12(f) is not, however, "an appropriate avenue to challenge the truth of an allegation." *See F.D.I.C. v. Johnson*, No. 2:12-cv-00209-KJD, 2012 WL 5818259, at *6 (D. Nev. Nov. 15, 2012); *see also Boyd v. United States*, 861 F.2d 106, 109 (5th Cir. 1988) (holding that falsity of a pleading does not

2

provide a sufficient basis for granting a motion to strike under Rule 12(f)); *Manuel v. Lucenti*, 2004 WL 2608355, *3 (N.D.Ill. 2004) ("Defendants therefore are moving to strike the disputed paragraphs from plaintiffs' complaint on the basis that it is highly improbable that the allegations are true, but Rule 12(f) is not the appropriate mechanism to request such relief"); 2 Moore, *supra*, § 12.37[4], 132 (noting that Rule 12(f) does not provide "any authority to strike a pleading or any allegations within it as … false … [a]s the Ninth Circuit has pointed out, striking pleadings or allegations on this basis is effectively a resolution of the merits, which is not appropriate at the pleading stage.").

In deciding a motion to strike, courts may not resolve disputed and substantial factual or legal issues. *See Whittlestone, Inc.*, 618 F.3d at 973. If courts are "in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *See Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing *Whittlestone, Inc.*, 618 F.3d at 973). Rule 12(f) motions should not, at bottom, be used as a means to have certain portions of a complaint dismissed or to obtain summary judgment as to those portions of the suit—these actions are better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion. *See Whittlestone, Inc.*, 618 F.3d at 974; *see also Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is []neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.[]" (citing 5A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1380, at 782 (3d ed. 2010))).

A matter stricken under Rule 12(f) must be either: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *See Whittlestone, Inc.*, 618 F.3d at 973-74. An allegation is "immaterial" it if "has no essential or important relationship to the claim for relief or the defenses being pleaded." *See Fogerty*, 984 F.2d at 1527. "Impertinent" matters consist of statements that do not pertain,

and are not necessary, to the issues in question. *Id*. The concepts of "impertinent" and "immaterial" matters have considerable overlap. *See* 5C Wright et al., *supra*, § 1382, 463-64.

A Rule 12(f) motion to strike is an extreme and drastic remedy—it is heavily disfavored. *See Armed Forces Bank, N.A. v. FSG-4, LLC*, No. 2:11-cv-654-JCM-CWH, 2011 WL 5513186, at *4 (D. Nev. Nov. 10, 2011) (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").[2] "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *See Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted). Whether to grant a motion to strike lies within the discretion of the district court. *See Whittlestone, Inc*., 618 F.3d at 973; *see also* 5C Wright et al., *supra*, § 1382 at 433 ("The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike ….").

## III. DISCUSSION

The parties present one issue: In the context of a fraudulent transfer action under Nevada and California law, whether certain factual allegations in the complaint are "immaterial" or "impertinent" and should be stricken under Fed. R. Civ. P. 12(f). A couple general points must be noted. First, the purpose of a complaint is to show that "the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Second, this

---

[2] *See also United States v. 729.773 Acres of Land*, 531 F.Supp. 967, 971 (D. Haw. 1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor."); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D.Cal. 1996) ("[M]otions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice."); 5C Wright et al., *supra*, § 1382 at 434-36 ("Rule 12(f) motions to strike … are not favored, often being considered purely cosmetic or 'time wasters' … [and] they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy."); 2 Moore, *supra*, § 12.37[1], 126 ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.'").

4

case is in its infancy at the pleadings stage. The motion to strike concerns the following allegations in the complaint:

i. **Part of Paragraph 3**

Evidence obtained from Mojave and other sources revealed that Kajioka operated as a close confidant and insider in depleting Mojave's assets rendering it insolvent

ii. **Paragraph 27**

At the time of the illicit transfer of funds, Kajioka was a *de facto* insider and related party, acting as a close confidant for Shen and his interests in nonbusiness pursuits, such as racing and sports cars and expensive jewelry and watches.

iii. **Part of Paragraph 33**

The fraudulent transfers from Mojave to defendant were made with actual intent to defraud because, among other indicia of fraud:

(a) The transfers were made to an insider or related party…

*See* ECF Nos. 14 at 9; 1 at 2, 6-7.

Kajioka's motion to strike objects to the allegation that Kajioka was an insider and an accomplice to Shen's "pillage of Mojave." *Id*. at 7. Kajioka argues that he "performed extensive legal services on behalf of Shen and/or Mojave" and, most important, was not an "insider" or "*de facto* insider" under Nevada law. *Id*. at 19. In particular, Kajioka claims that "Novva's Complaint has not set forth any factual basis whereby Defendant Kajioka could be an 'insider' and/or 'de facto insider' pursuant to N.R.S. §112.150(7), making the conclusory allegations that Defendant Kajioka is an 'insider' and/or 'de facto insider' improper, contrary to Nevada law, immaterial, and impertinent." *See* ECF No. 18 at 8; *but see* ECF No. 14 at 3 ("The evidence will eventually prove that Defendant Kajioka … is not an 'insider.'"). Kajioka further asserts that if these allegations are "allowed to proceed … then the burden of proof will shift to Defendant Kajioka to 'come forward with rebuttal evidence that the transfer was not made to

defraud the creditor.'" *See* ECF No. 14 at 14. Kajioka argues that this will significantly prejudice him by forcing him "into the challenging task of proving a negative; i.e., proving that he did not accept any alleged fraudulent transfers as he received the money in good faith and provided a reasonably equivalent value in legal services." *See id*. at 2, 12; *see also* ECF No. 18 at 12 ("If … Kajioka is alleged to have been an 'insider' and/or '*de facto* insider,' th[e]n it will be substantially more difficult for him to show objectively that he did not know or had no reason to know of the transferor's fraudulent purpose to delay, hinder, or defraud the transferor's creditors, significantly prejudicing … Kajioka.").

Novva argues that Kajioka's motion should be denied because Kajioka "has not identified a single allegation … that is improper, immaterial, or impertinent under the applicable standard" and "has failed to establish prejudice." *See* ECF No. 16 at 7. Whether Kajioka is an insider in Shen's alleged scheme to "plunder Mojave and defraud [Novva]," Novva claims is a "question of material fact" "not ripe for adjudication at this early hour and … not properly decided on a motion to strike." *Id*. at 2, 7.

After reviewing the subject allegations, the parties' briefs, and applicable law the Court finds that striking the subject allegations in the pleading as "immaterial" or "impertinent" is not warranted. In deciding a motion to strike, the Court's role is limited to adjudicating whether—in the context of a fraudulent transfer action—the allegations that Kajioka was an insider are either "immaterial" or "impertinent" under Fed. R. Civ. P. 12(f).

The subject allegations are not immaterial. As Novva persuasively argues, whether Kajioka was an insider relates directly to the Novva's underlying claim "which seeks to show that Defendant Kajioka actively and knowingly facilitated and benefitted from the fraudulent transfers that rendered Mojave insolvent." *See* ECF No. 16 at 8; *see also Fogerty*, 984 F.2d at 1527 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.") (quoting 5A Wright et al., *supra*, § 1382, at 706-07); Nev. Rev. Stat. §§ 112.180(2)(a) ("In determining actual intent

6

under paragraph (a) of subsection 1, consideration may be given, among other factors, to whether … [t]he transfer or obligation was to an insider"), 112.190(2) ("A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.").

Nor are the allegations impertinent, because, similarly, whether Kajioka was an insider pertains directly to the fraudulent transfer claim. *See Fogerty*, 984 F.2d at 1527 ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotation marks and citation omitted). The motion to strike states that the subject allegations "are immaterial and/or impertinent," but it does not meaningful argue why the allegations are immaterial or impertinent under Fed. R. Civ. P. 12(f). *See* ECF Nos. 14 at 19; 18 at 5-6. Instead, the motion repeatedly asserts that the allegations are improper—a category not recognized under the plain meaning of Fed. R. Civ. P. 12(f), *see Whittlestone, Inc.*, 618 F.3d at 973-74—because Kajioka is not an insider under state law. *Id*. The Court is not persuaded that the subject allegations have no possible relation or logical connection to the subject matter of the controversy. The allegations at issue do bear on the subject matter of the case.

Kajioka specifically asks this Court to determine whether he is an insider relying on *Pat Clark Sports, Inc. v. Champion Trailers, Inc.*, 487 F. Supp. 2d 1172 (D. Nev. 2007). *See* ECF No. 18 at 8-9, 12. As the Court notes above, challenging the truth of an allegation, as Kajioka does here, is not appropriate for a Rule 12(f) motion. Under Ninth Circuit law, courts may not resolve disputed and substantial factual or legal issues in a motion to strike. *See Whittlestone, Inc.*, 618 F.3d at 973 ("Whittlestone argues that … courts may not resolve 'disputed and substantial factual or legal issue[s] in deciding ... a motion to strike.' We agree …."). Kajioka in essence argues that he "is not an 'insider' or 'de facto insider' of Shen and/or Mojave as statutorily defined pursuant to N.R.S. § 112.150(7)," therefore, such allegations "regarding …

7

Kajioka being an 'insider' or 'de facto insider' of Shen and/or Mojave" are "improper, immaterial, and/or impertinent" and must be stricken from Novva's complaint. *See* ECF No. 14 at 3-4. Kajioka's reliance on *Pat Clark Sports, Inc.* is misplaced because, *inter alia*, that case concerned a motion to dismiss for lack of personal jurisdiction and for improper venue. The allegations at issue here involve disputed and substantial issues. Kajioka's attempt to have certain portions of the complaint dismissed or to obtain summary judgment against Novva as to specific portions of the suit are better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion. Kajioka's motion to strike is denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Dean Kajioka's Motion to Strike (ECF No. 14) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE