# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

NOVVA AUSRUSTUNG GROUP, INC.,

    Plaintiff,

vs.

DEAN KAJIOKA,

    Defendant.

Case No. 2:17-cv-01293-RFB-VCF

**REPORT AND RECOMMENDATION**

MOTION TO STRIKE (ECF NO. 29)

This matter concerns the allegedly fraudulent transfer of funds from Mojave Aluminum Company, Inc. ("Mojave") to Defendant Dean Kajioka. Before the Court are Plaintiff Novva Ausrustung Group. Inc.'s ("Novva's") Motion to Strike (ECF No. 29), Kajioka's opposition (ECF No. 30), and Novva's reply (ECF No. 31). For the reasons stated below, the Court recommends that Novva's motion to strike be granted in part and denied in part.

## I. BACKGROUND

In May 2015, Novva entered into a loan agreement with Mojave and transferred $1.8 million to Mojave to develop an aluminum plant in California. (ECF No. 1 at 4). Mojave failed to pay back the loan on time. (*Id.*). Novva discovered Mojave was insolvent and sued Mojave and its operator, Mr. Shen, for breach of contract, fraud, and related claims. (*Id.*). While investigating its case against Mojave and Mr. Shen, Novva discovered that Mr. Shen had transferred over $500,000 of Mojave's funds to Kajioka, a licensed attorney. (*Id.* at 4-5). In May 2017, Novva brought a claim for fraudulent transfer against Kajioka, asserting the funds were (1) not for legitimate services rendered and (2) transferred "with actual intent to defraud, hinder, or delay" Mojave's creditors, including Novva. (*Id.* at 6). As proof of Mojave's intent to defraud, Novva asserted the funds were transferred to an insider (Kajioka), and the "value of

1

purported legal services received by Mojave were not reasonably equivalent to the value of funds transferred to Kajioka." (*Id.* at 7).

Kajioka filed an answer in July 2015. (ECF No. 21). In his answer, Kajioka asserts a number of affirmative defenses claiming he received funds from Mr. Shen based on legitimate and extensive legal services, Novva was negligent in supervising Mr. Shen's spending, and Kajioka was not an insider of Mojave. (*Id.* at 6-8). Novva also asserts "[t]his litigation…is retaliatory by Liu [Zhongtian] indirectly based upon Kajioka having both a personal and profession relationship with Shen and a falling out occurring between Shen and Liu." (*Id.* at 9). Kajioka goes on to explain how Liu, through his "network of affiliates and agents," controls Novva. (*Id.*). Novva subsequently filed a motion to strike many of Kajioka's affirmative defenses. (ECF No. 29).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

A matter stricken under Rule 12(f) must be either: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Whittlestone, Inc.*, 618 F.3d at 973-74. An allegation is "immaterial" it if "has no essential or important relationship to the claim for relief or the defenses being

2

pleaded." *Fogerty*, 984 F.2d at 1527 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)). "Impertinent" matters consist of statements that do not pertain, and are not necessary, to the issues in question. *Id.* (quoting 5A *Federal Practice and Procedure* § 1382, at 711).

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. Though Rule 12(f) motions are generally disfavored, "[a]ffirmative defenses that are insufficient as a matter of law should be stricken." *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F. Supp. 2d 1262, 1271 (D. Nev. 2008). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *See Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted).

### III. DISCUSSION

Novva's motion to strike addresses several[1] of Kajioka's affirmative defenses. To understand the parties' arguments, the Court must first evaluate the necessary elements and possible defenses to Novva's fraudulent transfer claim against Kajioka. The Court will then address the affirmative defenses based on their subject matter and the legal theory under which they can survive or must be dismissed.

**A. Fraudulent Transfer**

Under NRS 112.180(1)(a),[2] a "transfer made…by a debtor is fraudulent to a creditor…if the debtor made the transfer…[w]ith actual intent to hinder, delay or defraud any creditor." NRS 112.180(2) lists several factors the court may consider in determining the debtor's intent, including whether the transfer was to "an insider," and whether "[t]he value of the consideration received by the debtor was reasonably

---

[1] Though Kajioka addresses his Affirmative Defense No. 9 (ECF No. 30 at 12), this defense is not at issue in Novva's motion.

[2] Novva also brought its claim under Cal. Civ. Code § 3439.04. (EF No. 1 at 6). Because the parties' briefing has focused on the Nevada statute and the California statute is very similar, this Report and Recommendation will focus on NRS 112.180.

3

equivalent to the value of the asset transferred or the amount of the obligation incurred." However, "[a] transfer or obligation is not voidable under paragraph (a) of subsection 1 of NRS 112.180 against a person who took in good faith and for a reasonably equivalent value." NRS 112.220(1).

**B. Defenses Based on Legal Services Kajioka Rendered to Mojave**

Kajioka's Affirmative Defenses Nos. 4 and 5 assert that Kajioka performed legitimate legal services for Mr. Shen and Mojave, including extensive travel. (ECF No. 21 at 6-7). Novva argues these issues are "poorly pled and Plaintiff does not have fair notice of the defenses Defendant is asserting." (ECF No. 29 at 6). Kajioka argues these defenses "go to Kajioka's defense that any monies he received were…for a reasonably equivalent value in legal services that Kajioka provided to Shen and/or Mojave." (ECF No. 30 at 11).

Affirmative Defenses Nos. 4 and 5 are material and pertinent to Kajioka's defense under NRS 112.220(1). One of the elements in NRS 112.220(1) is that the individual received funds "for a reasonably equivalent value," with Kajioka asserts is the case in these two affirmative defenses. Affirmative Defenses Nos. 4 and 5 are not redundant, as they add details to other affirmative defenses that touch on this issue. Therefore, Novva's motion to strike should be denied as to Affirmative Defenses Nos. 4 and 5.

**C. Defenses Based on Mojave's Control Over Mr. Shen**

Kajioka's Affirmative Defenses Nos. 6 and 7 assert Novva "gave Shen full authority to have work[] performed on the Project," and "Plaintiff was negligent in allowing Shen to have free reign over the money Plaintiff allegedly invested in or loaned to the Project." (ECF No. 21 at 7). Novva argues these issues are "poorly pled and Plaintiff does not have fair notice of the defenses Defendant is asserting." (ECF No. 29 at 6). Kajioka argues these defenses "go to Kajioka's defense that any monies he received were in good faith and were for a reasonably equivalent value in legal services that Kajioka provided to Shen and/or Mojave." (ECF No. 30 at 11).

The Court finds Affirmative Defenses Nos. 6 and 7 are immaterial and impertinent to Kajioka's defense under NRS 112.220(1). Novva's actions towards Mr. Shen and Mojave do not implicate whether Kajioka (1) received funds from Mr. Shen in good faith or (2) rendered legal services for a reasonably equivalent value to the funds he received. Kajioka has failed to cite any other legal defense that the assertions in Affirmative Defenses Nos. 6 and 7 could apply to. Novva would be prejudiced by being forced to spend unnecessary time and money litigating these issues. Therefore, Novva's motion to strike should be granted as to Affirmative Defenses Nos. 6 and 7.

**D. Defenses Based on Kajioka Not Being a Mojave Insider**

Kajioka's Affirmative Defenses Nos. 17-20 allege Kajioka is not an officer or insider of Mojave, had no control over Mojave, and did not know about any allegations regarding Shen's fraud until the Dupré Analytics report was published. (ECF No. 21 at 8). Novva argues these issues are "poorly pled and Plaintiff does not have fair notice of the defenses Defendant is asserting." (ECF No. 29 at 6). Kajioka argues these defenses are relevant to his claim that he received funds from Shen in good faith without any reason to know of any alleged intent to defraud Novva. (ECF No. 30 at 11, 13). Affirmative Defense No. 29 specifically responds to Novva's claim that Kajioka was an insider of Mojave. (*Id.* at 14).

Affirmative Defenses Nos. 17-20 are material and pertinent to Kajioka's defense under NRS 112.220(1). One of the elements in NRS 112.220(1) is that the individual received funds "in good faith." Kajioka's argument that he received the funds in good faith is strengthened by his assertions that he had no knowledge of the inner workings of Mojave and could not have been involved in any scheme to defraud Novva.[3] Affirmative Defenses Nos. 17-20 are not redundant, as they add details to other defenses that

---

[3] Although simply denying a portion of a plaintiff's claim is generally not a proper basis for an affirmative defense, *see Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002), Kajioka's assertion that he is not an insider of Mojave bears an important relationship to his good faith defense.

touch on this issue. Therefore, Novva's motion to strike should be denied as to Affirmative Defenses Nos. 17-20.

**E. Defenses Based on Third Parties' Relationships to Novva**

Kajioka's Affirmative Defenses Nos. 21-28 assert "[t]his litigation…is retaliatory by Liu indirectly based upon Kajioka having both a personal and profession relationship with Shen and a falling out occurring between Shen and Liu" and explain how Liu, through his "network of affiliates and agents," controls Novva. (ECF No. 21 at 9). Novva argues these defenses "have nothing to do with Plaintiff's fraudulent transfer claim…and are thus wholly immaterial and impertinent." (ECF No. 29 at 6). Kajioka argues these defenses are relevant to his claim that He received funds from Shen in good faith and for a reasonably equivalent value to his legal services. (ECF No. 30 at 13).

The Court finds Affirmative Defenses Nos. 21-28 are immaterial and impertinent to Novva's fraudulent transfer claim and Kajioka's defense under NRS 112.220(1). Novva's relationship to these third parties bears no relationship to whether (1) Shen fraudulently transferred money to Kajioka with the intent to defraud Novva and (2) whether Kajioka received the funds in good faith for a reasonably equivalent value to his legal services. These affirmative defenses essentially assert that Novva is lying about its case because it is acting as Liu's agent in trying to harm Kajioka. "[D]efenses that merely negate elements of a plaintiff's claims or deny allegations in a complaint are not affirmative defenses." *Joe Hand Promotions, Inc. v. Dorsett*, No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, at *3 (E.D. Cal. Apr. 3, 2013); *see also Walker v. Charter Communications Inc.*, No. 315CV00556RCJVPC, 2016 WL 3563483, at *5 (D. Nev. June 29, 2016). Furthermore, Novva would be prejudiced by being forced to spend unnecessary time and money litigating these issues. Therefore, Novva's motion to strike should be granted as to Affirmative Defenses Nos. 21-28.

### F. Defense Based on Kajioka's Legal Fees and Costs in this Case

Kajioka's Affirmative Defense Nos. 36 asserts Kajioka has retained counsel in this case "and a reasonable sum should be allowed…for attorneys' fees, together with their costs expended in this action." (ECF No.21 at 11). Attorney fees has no relation to liability. Furthermore, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). Kajioka fails to demonstrate how his claim for attorney fees is based on substantive law. Therefore, Novva's motion to strike should be granted as to Affirmative Defenses No. 36.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Novva's Motion to Strike (ECF No. 29) be GRANTED with respect to Kajioka's Affirmative Defenses Nos. 6, 7, 21-28, and 36.

IT IS FURTHER RECOMMENDED that Novva's Motion to Strike (ECF No. 29) be DENIED with respect to Kajioka's Affirmative Defenses Nos. 4, 5, and 17-20.

IT IS SO RECOMMENDED.

DATED this 20th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE