ADAM K. BULT, ESQ., Nevada Bar No. 9332
abult@bhfs.com
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
eellis@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

ERIC D. HERSCHMANN, ESQ. (*pro hac vice)*
eherschmann@kasowitz.com
MICHAEL P. BOWEN, ESQ. (*pro hac vice)*
mbowen@kasowitz.com
OLGA L. FUENTES-SKINNER, ESQ. (*pro hac vice*)
ofuentes@kasowitz.com
MARISSA E. MILLER, ESQ. (*pro hac vice*)
memiller@kasowitz.com
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
Facsimile: 212.506.1800

*Attorneys for Plaintiff Novva Ausrustung Group Inc.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NOVVA AUSRUSTUNG GROUP INC.,

Plaintiff,

v.

DEAN KAJIOKA,

Defendant.

CASE NO.: 2:17-cv-01293 -VCF

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INADVERTENT DISCLOSURE**

Plaintiff, NOVVA AUSRUSTUNG GROUP, INC. ("Plaintiff"), and Defendant DEAN KAJIOKA ("Defendant," and together with Plaintiff, the "Parties," and each a "Party") recognize that certain documents and information produced or to be produced during discovery in the above action should be kept confidential, within the meaning of FED. R. CIV. P. 26(c), in order to protect the legitimate business interests of the parties and the legitimate business interests of third parties from whom discovery will be sought.

Therefore, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their undersigned counsel, that the following procedures shall govern document disclosure and production in the above-entitled action (the “Action”).

**1. Types of Materials That May Be Designated**

1.1 This Protective Order shall govern all documents and other products of discovery including any documents, things, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, or other written information, produced in response to discovery requests in this Action by Parties (hereafter, collectively, “Discovery Material”). In connection with discovery proceedings in this Action, any supplying party -- whether a Party or third party -- (each, a “Supplying Party”) may designate non-public documents, material, or information as “CONFIDENTIAL”, or “HIGHLY CONFIDENTIAL” (collectively referred to as “Protected Material”).

(a) Any Supplying Party from whom discovery is sought in connection with this Action, may designate as “CONFIDENTIAL” any Discovery Material that the Supplying Party reasonably and in good faith believes contains confidential information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) used by it in, or pertaining to, its business and/or operation, and that is not generally known, and which that Supplying Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence;

(b) Any Supplying Party from whom discovery is sought in connection with this Action, may designate as “HIGHLY CONFIDENTIAL” any Discovery Material that the Supplying Party reasonably and in good faith believes to contain particularly sensitive business, financial, market or other proprietary information, the disclosure of which information is likely to have the effect of causing harm to the Supplying Party.

1.2 Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Discovery Material that has been designated as “HIGHLY CONFIDENTIAL” or “CONFIDENTIAL” will also be treated as such pursuant to this Protective Order.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

1.3 A Supplying Party shall not designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Discovery Material that:

(a) Has been or become lawfully in the possession of the receiving party without being subject to a confidentiality obligation;

(b) Is independently developed by the receiving party.

1.4 Nothing herein shall impose any restriction on the use or disclosure by a Party or a third-party of its own documents or information.

**2. Designation of Confidential Information**

2.1 Any Discovery Material produced in this Action that is to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be so designated by the Supplying Party by providing copies of the Discovery Materials so designated that are stamped with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, on each page of each document so designated, in a manner that will not interfere with the legibility of the document. Where such page-by-page designations are impossible or infeasible, the Supplying Party may designate Discovery Material through other means reasonably calculated to give the receiving party notice that the Discovery Material contains confidential information -- such as including the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the filename of an electronic document produced in native format.

2.2 The Parties agree to treat as Protected Material under this Protective Order any Discovery Material produced by a third party if: (1) the third party designates the Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; or (2) either Party designates the Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," by informing all Parties of such designation in writing. Parties receiving written notice of such designation by a Party shall either direct the designating Party to reproduce the Discovery Material with the new designations, or affix the specified designation to the relevant pages of any copy or copies of such Discovery Material in their possession and shall treat the designated Discovery Material in accordance with the terms of this Protective Order. If the receiving Party directs the designating



BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

Party to reproduce the Discovery Material containing the new designations, the receiving Party agrees to destroy the prior set.

2.3 In the event a Party may make available certain of its files for inspection by the other Party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL materials. Only those persons identified in paragraph 4.2 below as permitted to view HIGHLY CONFIDENTIAL material may be present at any such inspection. When the Supplying Party copies the documents to furnish to the inspecting party, the Supplying Party shall mark them with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

2.4 With respect to any deposition testimony, any Party or third party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" those portions of a transcript (including exhibits) that such Party or third party believes in good faith merit protection as CONFIDENTIAL or HIGHLY CONFIDENTIAL by stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated, or by designating portions of the deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within thirty (30) business days after that counsel has received the final deposition transcript from opposing counsel or the stenographic reporter. All information disclosed during a deposition shall be treated as HIGHLY CONFIDENTIAL until the expiration of such thirty (30) business day period, whether or not any portion of the transcript was designated previously, and thereafter shall remain CONFIDENTIAL or HIGHLY CONFIDENTIAL, as applicable, if so designated.

No person shall be present during any portion of any deposition designated at the deposition as "CONFIDENTIAL" or any portion of any deposition wherein CONFIDENTIAL Discovery Material is disclosed unless that person is authorized to receive CONFIDENTIAL Discovery Material under the terms of this Protective Order. No person shall be present during any portion of any deposition designated at the deposition as "HIGHLY CONFIDENTIAL" or any portion of

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

any deposition wherein HIGHLY CONFIDENTIAL Discovery Material is disclosed unless that person is authorized to receive HIGHLY CONFIDENTIAL Discovery Material under the terms of this Protective Order.

**3. Inadvertent Disclosure**

3.1 Any inadvertent failure to designate Discovery Material as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL” shall not constitute a waiver of a Party’s or third party’s right to so designate such Discovery Material at a later date, provided that the designating Party, or designating third party, promptly serves a written notice upon the receiving Parties upon learning of the inadvertent failure to designate, or incorrect designation, along with a replacement copy of such Discovery Material marked with the appropriate legend.

3.2 Upon receipt of such replacement copy, the receiving Parties shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery Material within 14 calendar days and certify in writing that they have done so.

**4. Restrictions on Disclosure and Use of Confidential Information**

4.1 Protected Material, and all summaries, compilations, and/or derivatives thereof, whether oral or written, shall be maintained in confidence, and shall be used solely in the preparation, prosecution, or trial of this Action and not for any other purpose, and may be disclosed only as provided in the following paragraphs.

4.2 Information which has been designated as “HIGHLY CONFIDENTIAL” may be disclosed to:

(a) outside litigation counsel for the respective Parties, including their clerical, litigation support, and paralegal employees;

(b) independent experts, consultants, and advisors for each of the Parties (along with clerical or secretarial staff), who are not employed by or affiliated with any of the Parties, but who are specifically engaged by counsel or the Parties to assist in this Action;

(c) the Court and court personnel, including any special master appointed by the court, and members of the jury;

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

(d) stenographic and/or videographic reporters engaged in proceedings incident to preparation for trial or trial;

(e) employees of copy services, trial graphics services, translation services, vendors engaged by counsel for processing electronic information and/or any other outside litigation or trial support;

(f) any mediator appointed by the Court or jointly selected by the Parties;

(g) any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document (not including a person who received the document in the course of the litigation); and

(h) any other person to whom the Parties agree in writing.

4.3 Discovery Material that has been designated "CONFIDENTIAL" may be disclosed only to the persons identified in paragraph 4.2 above and to any other person who is an attorney, officer, director, partner, member, employee, or agent of the Parties, provided that any such person is directly involved in preparation, strategy, settlement, or trial of this Action. Further, the Parties have mutually agreed that any documents designated as "CONFIDENTIAL", and all summaries, compilations, and/or derivatives thereof, whether oral or written, may be provided to Eric Po-Chi Shen ("Shen") and/or any representatives of Shen, provided that Shen and/or any representatives of Shen execute the Undertaking Pursuant to Protective Order appended hereto as Exhibit A prior to viewing or receiving any documents designated as Confidential.

4.4 Unless the Parties agree otherwise in writing, Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be disclosed to independent contractors, experts, vendors, consultants, or advisors who are employed or retained by, or on behalf of, any of the Parties or counsel for the Parties to this Action, only after such persons have been furnished with and reviewed a copy of this Protective Order and have signed the certification attached hereto as Attachment A. This certification shall be retained by counsel to the Party disclosing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material, and shall not be discoverable by any other Party unless a dispute arises concerning an

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

alleged violation of this Protective Order. If such a dispute arises prior to the date specified for expert disclosures, the Parties will have no obligation to provide Exhibit A certifications signed by expert witnesses until the deadline for expert disclosures. Notwithstanding anything to the contrary in the foregoing, the Parties shall exchange any Exhibit A certifications signed by the expert witnesses who have been disclosed at the deadline for expert disclosures

4.5 Notwithstanding the foregoing, Protected Material identified by the opposing party in connection with the pre-trial order in this matter, including all documents listed on the opposing party's exhibit list, any testimony in the opposing party's deposition designations, and any expert report (and exhibits to or material referenced in that report) of any expert on the opposing party's witness list, may be disclosed to employees of the receiving Party whose duties include responsibility for, or whose assistance is needed in connection with, preparation, strategy, settlement or trial of this Action. However, prior to receiving any Protected Material, such persons shall be furnished with a copy of this Protective Order and shall execute a copy of the certification attached hereto as Attachment A.

4.6 Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition,

(a) Parties, present employees of the Parties, third parties, and present employees of third parties may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that Party, third party, or by the employee's employer if a present employee of a Party or a third party;

(b) Former employees of the Parties and former employees of third parties may be examined and may testify concerning all Protected Material produced or designated by the Party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

(c) Experts of the Parties may be examined and may testify concerning all Protected Material produced or designated by the respective party which pertains to the subject matter of his/her consultation.

4.7 Nothing in this Protective Order shall preclude any Party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the Party wishing to make the disclosure shall first notify the Supplying Party and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (*e.g.*, clearing the Courtroom, sealing the record, etc.).

4.8 Nothing in the Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her clients with respect to this Action and, in the course thereof, referring to or relying generally upon his examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the specific content of such Protected Material contrary to the terms of this Protective Order.

4.9 All copies, duplicates, extracts, summaries, or descriptions (hereinafter collectively referred to as "copies") derived from any documents or information subject to this Protective Order, or any portion thereof, shall be affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate (and if those words do not already appear) immediately upon creation of same by a Party.

4.10 Nothing herein shall be construed to limit in any way a Party's or a third-party's use of its own HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material.

**5. Disclosure of Protected Material to the Court**

5.1 No materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials (collectively, "Confidential Records"), shall be filed with the Court except as provided herein.

5.2 Confidential Records that consist of Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be sealed. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material that is filed with the Court shall be filed under seal in accordance with the Court's procedures.

5.3 Pursuant to Local Rule 10-5(b), "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures." A party seeking to file a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" document under seal must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Special Order 109. Further, any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall be filed under seal and shall bear the legend:

> THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION/MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT.

**6. Confidential Material Subject to Subpoena or Other Compulsory Process**

6.1 Nothing in this Protective Order shall prevent a receiving Party or receiving third party from complying with a valid subpoena or other compulsory process that requires production or disclosure of HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material, provided, however, that any person in possession of HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material who receives a subpoena (or other compulsory process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards or associations) who is not a party to this Protective Order seeking production or other disclosure of HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material shall



BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

not produce such Discovery Material without written consent from the Supplying Party, unless that person gives telephonic notice and written notice by email to counsel for the Supplying Party enclosing a copy of the subpoena or other compulsory process at least ten (10) days prior to producing such HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material, or as soon as practicable.

6.2 Third parties served with a subpoena in this Action shall be entitled to protect their documents and information under this protective order using the same procedures and standards as applied to the parties. Within seven (7) days of receipt of any documents and information from any third party, the Party will provide copies of the received documents and information to the opposing Party. Both the Party and the opposing Party will maintain the third party Protected Materials under this Protective Order.

**7. Other Remedies And Relief Are Not Limited**

7.1 Nothing herein shall prevent any Party or third party from seeking by application to the Court further, greater, or lesser protection with respect to the use of any Discovery Materials designated HIGHLY CONFIDENTIAL or CONFIDENTIAL in connection with this Action.

7.2 Any Party or third party may move the Court for a modification of or relief from the terms of this Protective Order at any time.

7.3 The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

7.4 The entry of this Protective Order shall not be construed as a basis for permitting the production or discovery of Discovery Material that would not otherwise be discoverable but for the existence of the Protective Order.

7.5 Any Party believing that particular information has been improperly designated, *i.e.*, that it is not in fact HIGHLY CONFIDENTIAL or CONFIDENTIAL, may challenge such designation at any time by raising the issue in writing to the designating Party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

ten (10) business days of receipt of such writing, the designation Party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith. The Parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating Party maintains its designation and the Parties are unable to reach agreement, the challenging Party may bring the issue to the Court. The designating Party shall have the burden of establishing the appropriateness of the designation, except that a Party claiming that Discovery Materials designated under this Protective Order by the other is in the public domain shall have the burden of proving such public knowledge. Challenged information shall be treated as designated until the resolution of the dispute by the Parties or ruling by the Court.

**8. Inadvertent Production Does Not Waive Privileges**

8.1 The inadvertent production of information or documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other relevant privilege or immunity will not constitute a waiver of the applicable privilege or immunity. If any such information or document is inadvertently produced in discovery, the recipient of the information or document will, upon request from the producing Party or third party: (a) return all copies of the information or documents to the producing Party or third party within three business days of written notice from producing Party or third party; (b) destroy all notes and other work-product reflecting the content of the material and delete the material from any litigation support or other database within three business days of written notice from producing Party or third party; and (c) make no further use of such information or documents for any purpose unless and until further order of the Court. To the extent the receiving Party has reason to suspect that material covered by an applicable privilege or immunity has been inadvertently produced, it will promptly notify the producing Party or third party and identify the documents in question. The return of any discovery information or material to the producing Party or third-party will not in any way preclude the receiving Party from moving the Court for a ruling that (a) the information or document was never privileged, or (b) any privilege or immunity has been waived. In any application to the Court under this paragraph, the allegedly privileged

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

document may, as appropriate, be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used. If the Court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein.

**9. Inadvertent or Unauthorized Disclosure**

9.1 If a receiving Party discloses Protected Material, through inadvertence, to any person not authorized under this Protective Order to receive that information, then the receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Protective Order.

9.2 In such event, the receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the remaining Parties or producing third party; and (c) provide such person a copy of this Protective Order. Upon such receipt of a copy of this Protective Order, any such person shall be subject to its provisions.

9.3 The foregoing shall not relieve a Party of liability, if any, for disclosing Protected Material in violation of this Protective Order.

**10. Return/Destruction of Confidential Material After this Action Ends**

10.1 After termination of this Action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Discovery Materials designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" for enforcement of the provisions of this Protective Order following termination of this Action.

10.2 Upon termination of this Action by dismissal, judgment, or settlement, Discovery Materials designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall, at the request of the Supplying Party, be returned to the Party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the request of the Supplying Party, destroyed in that time frame. Upon request, each receiving Party or third party shall provide the Supplying Party



BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000

with a letter certifying that all Protected Material required to be returned or destroyed pursuant to the provisions of this Protective Order has been returned or destroyed. Nothing contained herein shall prevent designated outside counsel for each Party from maintaining a complete file (including drafts) of each propounded discovery request with its corresponding response, all pleadings, affidavits, motions, briefs, notes, memoranda, email, correspondence, and other documents or electronically stored information constituting work product that were internally generated based upon or which include Discovery Materials designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", and all deposition transcripts together with the exhibits marked at the deposition, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such outside counsel takes appropriate steps to prevent the disclosure of Protected Material contrary to the terms of this Protective Order. In the event that outside counsel maintains such documents or electronically stored information, it shall not disclose Discovery Material designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" to another party absent subpoena or court order. Upon receipt of any subpoena for Discovery Material designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", the Party receiving the subpoena shall immediately notify outside counsel for the Supplying Party of the subpoena so that the latter may protect its interests.

**11. Enforcement of this Protective Order**

11.1 In the event anyone violates or threatens to violate the terms of this Protective Order, any Party may immediately apply to obtain injunctive relief against any such person. This shall not be construed as limiting a Party's right to seek other remedies, including damages, if any, in the event of a violation.

11.2 This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED: October 24th, 2017.

**KRAVITZ, SCHNITZER & JOHNSON, CHTD.**

BY: */s/ Adam J. Wax*
MARTIN J. KRAVITZ, ESQ., #83
mkravitz@ksjattorneys.com
ADAM J. WAX, Esq., #12126
awax@ksjattorneys.com
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123

*Attorneys for Defendant Dean Kajioka*

DATED: October 24th, 2017.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

BY: */s/ Emily A. Ellis*
ADAM K. BULT, ESQ., #9332
abult@bhfs.com
EMILY A. ELLIS, ESQ., #11956
eellis@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

ERIC D. HERSCHMANN, ESQ.
(*pro hac vice*)
eherschmann@kasowitz.com
MICHAEL P. BOWEN, ESQ.
(*pro hac vice*)
mbowen@kasowitz.com
OLGA L. FUENTES-SKINNER, ESQ.
(*pro hac vice*)
ofuentes@kasowitz.com
MARISSA E. MILLER, ESQ.
(*pro hac vice*)
memiller@kasowitz.com
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019

*Attorneys for Plaintiff Novva Ausrustung Group Inc.*

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Stipulated Protective Order is APPROVED.

**IT IS SO ORDERED:**

DATED this 24th day of October, 2017.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*By:* *___/s/ Adam K. Bult___*
ADAM K. BULT, ESQ., Nevada Bar No. 9332
abult@bhfs.com
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
eellis@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

ERIC D. HERSCHMANN, ESQ. (*pro hac vice*)
eherschmann@kasowitz.com
MICHAEL P. BOWEN, ESQ. (*pro hac vice*)
mbowen@kasowitz.com
OLGA L. FUENTES-SKINNER, ESQ. (*pro hac vice*)
ofuentes@kasowitz.com
MARISSA E. MILLER, ESQ. (*pro hac vice*)
memiller@kasowitz.com
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019

*Attorneys for Plaintiff Novva Ausrustung Group Inc.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NOVVA AUSRUSTUNG GROUP INC.,

Plaintiff,

v.

DEAN KAJIOKA,

Defendant.

CASE NO.: 2:17-CV-01293 -VCF

**UNDERTAKING PURSUANT TO PROTECTIVE ORDER**

1. I have received a copy of the Protective Order (the "Protective Order") entered by the United States District Court for the District of Nevada (the "Court") in the above-referenced action on ________________. I have carefully read and understand all of the provisions of the Protective Order.

2. I agree to be bound by all of the provisions of the Protective Order, I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any Discovery Materials designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" which I receive in this action. I further agree not to reveal any Discovery Materials designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL under this Protective Order, including my copies or notes relating to such Information, to anyone other than another person authorized to have access to such information according to Paragraphs 4.2 and 4.3 of the Protective Order.

3. I understand a violation of the Protective Order may be punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Protective Order.

Executed on__________________ By:_______________________

BROWNSTEIN HYATT FARBER SCHRECK, LLP
1020 State Street
Santa Barbara, CA 93101-2711
805.963.7000